NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued April 1, 2011
Decided April 25, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-2477

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Central |
| | District of Illinois. |
| *v.* | |
| | No. 3:09-cr-30047 |
| DERRICK E. DAVIS, | |
| *Defendant-Appellant.* | Jeanne E. Scott, |
| | *Judge.* |

## O R D E R

Derrick Davis pled guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), but reserved the right to appeal the district judge's denial of his motion to suppress. He now exercises that right, arguing that the firearm found in the search of his car was seized in violation of his Fourth Amendment rights and, therefore, the judge erred in denying his motion to suppress.

We start with the facts. On October 21, 2008, at approximately 9:50 p.m., Jacksonville, Illinois, police officer Olivia Brune, who was driving an unmarked car with Sergeant Shawn Walker as her passenger, observed a white Cadillac approaching an intersection. The same car had been spotted the day before in front of a well-known drug

house. Brune recognized the driver as the defendant's brother, Justin Davis (we'll refer to the defendant as "Davis," and his brother as "Justin"), and noted he was accompanied by a passenger she could not identify. Brune decided to follow the Cadillac, which shortly thereafter made a left turn without using a turn signal. This was a violation of an Illinois traffic law (625 ILCS 5/11-804(b)).

Brune continued to follow the car, and Walker radioed fellow-officers Brad Rogers and Kyle Chumley for assistance. The Cadillac turned south onto Country Club Road, a looped road that passes through a wooded area next to a lake. Rogers and Chumley approached from one end of the loop, while Brune and Walker approached from the other. The Cadillac had pulled off the road into a dark, gravel parking lot near the lake—a location known for drug and alcohol violations. Both sets of officers arrived near the Cadillac at about the same time. They stopped their cars roughly 20 feet from it. Brune testified that the officers' vehicles were far enough from his car that Justin could have driven away if he had chosen to try and do so.

All four officers got out of their vehicles and started walking toward the Cadillac carrying lit flashlights. Justin testified that he was seated in the driver's seat and when he saw the flashlights, he said, "Oh, fuck," tossed a revolver to Davis, who was in the passenger seat, and told him "to do something with it." At that point, Brune and Walker saw Davis dive down toward the floorboard.

Walker, finding Davis' movements suspicious, yelled "Jacksonville Police Department! Show me your hands!" Justin and the two backseat passengers, Zach Marburger and Kennan Burnett, immediately complied. Davis, however, did not. Walker continued to approach the car and repeatedly told Davis to show his hands. Rogers and Chumley approached the front passenger door, and saw Davis bent over with a red jacket and a partially empty liquor bottle in his lap. Chumley ordered Davis to get out of the car. Davis complied, and as he was stepping out, Rogers saw a revolver between his legs. Rogers immediately yelled, "Gun! Gun!" All four officers then drew their weapons and arrested the four men. They recovered the revolver from the front passenger-side floorboard and found crack cocaine in the pocket of the red jacket.

A magistrate judge held a hearing and found that the officers had both probable cause to stop the Cadillac once the driver failed to signal for the turn, and reasonable suspicion to order the defendants to exit the car.[1] The district judge adopted the magistrate judge's report and recommendation in full and denied defendant's motion to suppress. In denying Davis' motion, the district judge found that: (1) the officers did not seize Davis

---

[1] The fact that a traffic violation occurred distinguishes this case from *United States v. Foster*, 634 F.3d 243 (4th Cir. 2011), cited by Davis in his recent Rule 28(j) letter.

until they had  announced their presence; (2) at the time of the seizure the officers had an articulable basis for the intrusion; (3) the risk to the officers' safety warranted the minor intrusion of having to exit the vehicle; and (4) the officers saw the revolver in plain view, which provided probable cause to arrest Davis.

We review the judge's denial of Davis' motion to suppress under a dual standard: questions of law are reviewed *de novo* and findings of fact are reviewed for clear error. *United States v. Jackson*, 598 F.3d 340, 344 (7th Cir. 2010). Where a district court adopts the credibility determinations of a magistrate judge[2], we review the magistrate judge's findings for clear error. *United States v. Hendrix*, 509 F.3d 362, 373 (7th Cir. 2007) (internal citation omitted). A factual finding is clearly erroneous only if, after considering all the evidence, we are left with a "definite and firm conviction that a mistake has been made." *United States v. Marshall*, 157 F.3d 477, 480-81 (7th Cir. 1998).

On appeal, Davis argues that the district judge erred in denying his motion to suppress because the officers did not have reasonable suspicion to seize the vehicle and its occupants, and therefore his Fourth Amendment rights were violated. We need not reach the issue of reasonable suspicion, however, because officers may stop a vehicle when they have probable cause to believe that even a minor traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). This "foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved." *Id*. at 813. Here, in testimony the magistrate judge found to be "highly credible," Brune testified that the driver of the Cadillac failed to signal for a left turn, in violation of Illinois law.  At that point the officers had probable cause to stop the car. *United States v. Kenerson*, 585 F.3d 389, 391-92 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 1749 (2010) (police officer had probable cause to make traffic stop after observing a defendant fail to activate his turn signal).

Additionally, Davis' rights were not violated when Officer Chumley directed the occupants to exit the Cadillac in connection with the traffic violation. "[D]anger to an officer from a traffic stop is likely to be greater when there are passengers in addition to the driver in a stopped car. . . . [and thus] an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 414-15 (1997). Here, the stop took place in a dark and secluded area known for drug and alcohol violations.  Plus, the car was seen the day before at a drug house, and Davis made suspicious movements when the officers approached. Under the circumstances, it was completely reasonable for the officers to order the occupants out of the car.

---

[2]  The 18-page "Report and Recommendation" by Magistrate Judge Byron G. Cudmore is very well done.

Therefore, when the turn signal violation occurred the officers had probable cause to pull the car over and order the passengers out for the duration of the stop. Once the officers seized the car and its occupants, the gun was in plain view; at that point the officers had probable cause to seize the gun and arrest Davis. Accordingly, his Fourth Amendment rights were not violated.

For these reasons, the order of the district court denying the motion to suppress is AFFIRMED.